UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

David James Koski,

Petitioner,

vs. REPORT AND RECOMMENDATION

Commander Greg Peterson,
Dakota County Jail, and
Michael A. Hatch, Attorney
General of the State of
Minnesota,

Respondents. Civ. No. 01-861 (DSD/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 21st day of May, 2001.

## I. Introduction

This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Petitioner's Motion for Stay of Execution of His Sentence Pending Final Habeas Corpus Determination, which was filed on May 17, 2001. The Petitioner has appeared by Ellis Olkin, Esq., and the Respondents have made no appearance for purposes of this Motion.

For reasons discussed below, we find no responsible basis to do so, and we recommend that the Petitioner's Motion for a Stay of

(7)

FILED MAY 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Execution of His Sentence Pending Final Habeas Corpus Determination be denied.[1]

## II. Factual and Procedural Background

The Petitioner was convicted, on September 7, 1999, of Criminal Sexual Conduct in the First Degree, by a Jury, in the State District Court for the First Judicial District of Minnesota. He was committed, on December 15, 1999, to a period of 86 months in the custody of the Commissioner of Corrections. The sentence was stayed, however, and the Petitioner was placed on supervised probation with Dakota County Community Corrections. As part of that probation, the Petitioner is to serve 180 days in the Dakota County Jail, with work release privileges, and an additional 180 days on electronic home monitoring. These conditions of probation were stayed, however, pending his appeals. See, Sentencing Order, at 3, Exhibit A, attached to Affidavit of Ellis Olkon.

The Petitioner appealed his case to the Minnesota Court of Appeals, which affirmed his conviction. He subsequently appealed to the Minnesota Supreme Court, which decided not to review his

---

[1]Although we regard a Motion to Stay the Execution of a State Court Sentence as a request for equitable relief, which is properly within our jurisdiction to render recommendations to the District Court, see Title 28 U.S.C. §636(b)(1)(B), in the interests of expedition, as well as the routine assignment of such matters, in this District to Magistrate Judges, we express our recommendation without a specific referral from the District Court.

case. The Petitioner's grounds for relief, both in the State Courts, and in his current Habeas Petition, are as follows:

> 1) That Petitioner has been denied his Fourteenth Amendment Right to due process by conviction on facts insufficient to support his conviction.
>
> 2) That Petitioner's constitutional right of confrontation was violated because the four (4) year old alleged victim's out-of-court statements regarding sexual abuse were not supported by particularized guarantee of trustworthiness surrounding their making.
>
> 3) That Petitioner's constitutional right of confrontation was violated by the four (4) year old alleged victim's out-of-court statements regarding sexual abuse were not sufficiently corroborated under Minnesota 595.82 Subd. 3.

See, Petition for Writ of Habeas Corpus, at 3.

Thirty days after the Minnesota Supreme Court declined to review his case further, the Petitioner was scheduled to commence his sentence of probation. See, Sentencing Order, at 3, Exhibit A, attached to Affidavit of Ellis Olkon.[2] However, the conditions of

---

[2]The Sentencing Court specifically stated as follows:

> The jail time imposed by this sentence shall commence with the Defendant reporting to the Dakota County Jail by 7:00 p.m., Friday, January 14, 2000. However, in the event an appeal is taken by the Defendant and the Notice of Appeal is filed prior to that time, the sentence shall be stayed until 30 days after all appeals have been exhausted and the conviction upheld.

Sentencing Order, at 3, Exhibit A, attached to Affidavit of Ellis

probation were further stayed, on April 30, 2001, by the State District Court. Specifically, the Amended Sentencing Order, which was signed on April 25, 2001, states as follows:

> Execution of sentence can be stayed to 7:00 p.m. June 1[.] If Fed Ct issues Writ of prohibition or similar order - we will comply.

See, Amended Sentencing Order, Exhibit B, attached to Affidavit of Ellis Olkon.[3]

The Petitioner has now filed this Habeas request, and seeks a further stay in the execution of his sentence, pending a final determination of his Petition. In particular, the Petitioner notes that the Trial Court made specific findings regarding the Petitioner, see Affidavit of Ellis Olkon, at ¶2, inclusive of the observation that, after completing a psychological and psychosexual evaluation on the Petitioner, Dr. Peter Marston found that Petitioner was not a pedophile, nor a predator, and that he did not present any more than a minimal risk to the community. Id. As noted by the Petitioner, the Trial Court paid particular note to the Petitioner's long history as a "hard working, tax paying, law abiding citizen." Id.

---

Olkon.

[3]As the Petitioner operates under the spectre of his stayed State sentence, he satisfies the "in custody" jurisdictional requirement of Title 28 U.S.C. §2254(a). See, Hensley v. Municipal Court, 411 U.S. 345, 351 (1973)(Petitioner who "remains at large only by grace of a stay" meets the "in custody" requirement).

## III. Discussion

A. Standard of Review. Our Court of Appeals has not specifically addressed the necessary factors that a Court should consider when determining whether to stay the execution of a sentence pending the outcome of a Habeas Petition. However, it has looked at the issue of release on bail, pending a determination of a Habeas Petition, and we construe the analysis as being identical. See, e.g., Rado v. Meachum, 699 F. Supp. 25, 26 (D. Conn. 1988) (applying factors regarding release on bail to a Motion to stay execution of a sentence). As our Court of Appeals has noted, although there is a lack of a specific statutory grant allowing a District Court to release an individual on bond, pending the determination of a Habeas Petition, "'it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his [or her] application for a writ of habeas corpus.'" See, Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986), quoting In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975). As explained by the Court in Martin:

> Release on bail pending disposition of the habeas petition, or pending appeal, requires the habeas petitioner to show not only a substantial federal constitutional claim that "presents not merely a clear case on the law, but a clear, and readily evident, case on the facts," Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972)(citations omitted), but also the existence of "some circumstance making [the

> request] exceptional and deserving of special treatment in the interests of justice." Aronson v. May, 85 S.Ct. [3, 5 (1964)]. See e.g., Iuteri v. Nardoza, 662 F.2d [159, 161 (2nd Cir. 1981)]; Ostrer v. United States, 584 F.2d 594, 599 (2d Cir. 1978). Habeas petitioners are rarely granted release on bail pending disposition or pending appeal. See Johnston v. Marsh, 227 F.2d 528, 529 (3d Cir. 1955)(medical emergency); cf. Boyer v. City of Orlando, 402 F.2d 966, 967-68 (5th Cir. 1968)(extraordinary attempt to accommodate exhaustion of available state remedies with petitioner's clearly meritorious constitutional claim).

Id. at 329-30.

A Stay is indeed extraordinary relief, which should not be granted except in cases whether the Petitioner can show that his case "is distinguishable from other habeas corpus cases." See, Rado v. Meachum, supra at 27, quoting Stepney v. Lopes, 597 F. Supp. 11, 13 (D. Conn. 1984).

Most of the cases point generally to two types of extraordinary circumstances: a medical emergency, and a short duration of incarceration, thereby potentially rendering the Habeas Petition moot. See, e.g., Landano v. Rafferty, 970 F.2d 1230, 1239 (3rd Cir. 1992)(noting that releasing a petitioner on bail pending the determination of a Habeas Petition is usually "limited to situations like poor health or the impending completion of the prisoner's sentence"); Martin v. Solem, supra at 330 ("Martin made no showing of any medical emergency or any other special circumstances."); Scheinert v. Henderson, 800 F. Supp. 263, 263 (E.D. Penn. 1992)

(noting that an "exceptional circumstance" warranting release on bail pending disposition of a Habeas Petition "is present where the length or duration of a sentence is so short that it likely will have been served before a resolution of the habeas petition."). With these precepts in mind, we turn to the merits of the Petitioner's Motion for a Stay.

B. Legal Analysis. Since we find that this case turns on the issue of whether this case presents "exceptional circumstances," we assume, without deciding, that the Petition presents a "substantial Federal constitutional claim." The Petitioner has provided no basis, however, upon which we could find that this case presents an exceptional set of circumstances. Although the Petitioner's approaching incarceration, in accordance with the terms of his probation, is of a relatively short duration -- 180 days in the County Jail, and 180 days on electronic monitoring -- the time frame is not so short as to be deemed an exceptional circumstance. All together, the Petitioner will be incarcerated for six months, and then closely monitored for another six months, for a total of one year. Such a period of incarceration affords the Court sufficient time to consider the merits of the Petition, without having to stay the Petitioner's sentence. Compare, Maula v. Freckleton, 1992 WL 42178 at *2 (S.D.N.Y. February 26, 1992) (Petitioner only had four months left of his sentence).

We are mindful, as the State District Court noted, that the Petitioner has a long history as a "hard working, tax paying, law abiding citizen," and that after a psychological and psychosexual evaluation, Dr. Peter Marston found that he was not a pedophile or a predator, and that he did not present any more than a minimal risk. While the State District Court found that these were "substantial and compelling circumstances," which necessitated a downward departure in the presumptive sentence, Sentencing Order, at 4, Exhibit A, attached to Affidavit of Ellis Olkon, such a finding does not equate with a showing of extraordinary circumstances for purposes of a stay in the execution of the sentence.

Whatever may have prompted the State District Court's stay of the Petitioner's sentence, the sentence was not further reduced, or absolved. We see nothing presented in this instance, which is not generally presented by most every Habeas Petition -- namely, a forthright belief, on the Petitioner's part, that his conviction should be reversed. Without more, we are not presented with such a set of extraordinary circumstances as to warrant a Stay of the Petitioner's sentence, pending a decision on his Habeas request, and we recommend that his Motion for such a Stay be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Motion to Stay Execution of His Sentence Pending Final Habeas Corpus Determination [Docket No. 5] be denied.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 11, 2001**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 11, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.