UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-861 (DSD/RLE)

David James Koski,

Petitioner,

v. **ORDER**

Commander Greg Peterson,
Dakota County Jail, and
Michael A. Hatch, Attorney
General of the State of
Minnesota,

Defendants.

This matter is before the court on plaintiff's objections to the report and recommendation of Magistrate Judge Raymond L. Erickson dated May 24, 2001. In his report, the magistrate judge recommended that petitioner's motion to stay execution of his sentence pending final habeas corpus determination [Doc. No. 5] be denied.

Plaintiff has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his 1999 state court conviction of first degree criminal sexual conduct. His probationary sentence, which includes a 180-day period of incarceration in the Dakota County Jail with work release privileges, was stayed pending his state court appeals. He now seeks an additional stay of execution of his sentence pending resolution of his habeas corpus petition.

FILED 7-24-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. __________
Deputy Clerk's Initials ______

In his report, the magistrate judge noted that although there is no statutory authority for a district court to release a prisoner on bond pending habeas appeal, "'it is within the inherent power of the District Court of the United States to enlarge a state prisoner on bond pending hearing and decision on his [or her] application for writ of habeas corpus.'" Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986) (quoting In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975). Such authority should be exercised, however, only when a petitioner has presented a substantial meritorious constitutional claim upon which he has a high likelihood of success and exceptional circumstances render the exercise of that authority necessary to effectively preserve the habeas remedy. Landano v. Rafferty, 970 F.2d 1230, 1239 (3rd Cir. 1992); see also Stepney v. Lopes, 597 F. Supp. 11, 14 (D. Conn. 1984) (factors which the district court should consider when evaluating stay pending habeas determination include: whether substantial claims are set forth in the petition; whether there is a demonstrated likelihood that the petition will prevail; and whether there are extraordinary circumstances attending petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, presumably if granted).

In this case, the magistrate judge found that petitioner had failed to establish exceptional circumstances, such as illness or short duration of sentence, to warrant release pending habeas

review. Petitioner contends that although he has been sentenced to a period of incarceration of six months, under Minnesota State law he will likely serve only four months, which is well within the shortened time frame contemplated by district courts when applying the exceptional circumstances factor. See, e.g., Maula v. Freckleton, Civ. No. 91-8056, 1992 WL 42178 (S.D.N.Y. Feb. 26, 1992).

In Maula, the district court granted a stay to an individual with only four months left on his sentence. Id. at *2. However, in determining that a stay was appropriate, the court also found that the claims presented on appeal were particularly complex. Although this complexity was insufficient to establish a high likelihood of success, it did implicate a lengthy review process therefore, discontinuing the stay of execution of petitioner's four-month sentence would effectively moot his appeal. Id.

By contrast, in this case, the magistrate judge has already issued his report and recommendation denying the habeas petition, which suggests that petitioner cannot establish that the legal issues are complex, that his petition is likely to succeed on the merits or that exceptional circumstances exist to justify a stay of execution of the sentence. In light of petitioner's failure to establish these requisite elements, the court adopts the magistrate judge's report in its entirety.

Accordingly, based on a de novo review of the file and record, **IT IS HEREBY ORDERED** that petitioner's motion to stay execution of his sentence pending final habeas corpus determination (Doc. No. 5) is denied.

Dated: July 23, 2001

David S. Doty, Judge
United States District Court