UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-861(DSD/RLE)

David James Koski,

Petitioner,

v.

**ORDER**

Commander Greg Peterson,
Dakota County Jail, and
Michael A. Hatch, Attorney
General of the State of
Minnesota,

Respondents.

This matter is before the court on petitiner's objections to the report and recommendation of United States Magistrate Judge Raymond L. Erickson dated July 18, 2001. In his report, the magistrate judge recommended that petitioner's application for habeas corpus relief under 28 U.S.C. § 2254 be denied. Petitioner has filed objections to the magistrate judge's report.

After conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation. In particular, the court concurs with the magistrate judge's determination that the evidence presented at trial was sufficient to support petitioner's conviction and that the Minnesota Court of Appeals' resolution of the petitioner's contentions was based upon a reasonable determination of the facts in light of the evidence presented in the state court proceedings and under the applicable

FILED 9-10-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 9-10-01
Deputy Clerk's Initials

precedent of the United States Supreme Court. Accordingly, since petitioner fails to show that the state court either utilized the wrong legal standard or that it unreasonably applied the pertinent standard to the facts of the case, petitioner's § 2254 petition must fail. Therefore, **IT IS HEREBY ORDERED** that the petition for writ of habeas corpus relief under 18 U.S.C. § 2254 (Docket No. 1) is denied.

Dated: September 6, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

FORMS\APPEALNO.CIV
Rev. August 11, 1995