UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-~~862~~ 861 (DSD)\RLE

David James Koski,

Petitioner,

v. **ORDER**

United States of America,

Respondent.

This matter is before the court on petitioner's request for a certificate of appealability regarding this court's denial of his motion for habeas relief under 28 U.S.C. § 2254 (2001). [Docket No. 1]. For the reasons stated, the court denies petitioner's request.

Under the Antiterrorism and Effective Death Penalty Act of 1996, an appeal may not be taken from a final order in a Section 2255 proceeding unless a "circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This court has jurisdiction to issue a certificate of appealability. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997).

A certificate of appealability should not issue merely because



FILED 10-18-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 10-18-01
DEPUTY CLERK

the appeal is brought in good faith and raises a "non-frivolous" issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994). Instead, the applicant must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432 (1991)).

United States Magistrate Judge Raymond L. Erickson in a report and recommendation dated July 18, 2001, recommended that petitioner's application [Docket No. 1] for habeas corpus relief under 28 U.S.C. § 2254 be denied. Petitioner objected to the magistrate judge's report. After conducting a de novo review of the file and record, this court adopted the magistrate judge's report and recommendation in its entirety because it concurred with the magistrate judge's determination that the evidence presented at trial was sufficient to support the petitioner's conviction and that the Minnesota Court of Appeals' resolution of the petitioner's contentions was based upon a reasonable determination of the facts in light of the evidence presented in the state court proceedings and under the applicable precedent of the United States Supreme Court. In particular, petitioner failed to show that he had been denied rights under the Fourteenth Amendment or that his constitutional right of confrontation had been violated. Accordingly, since petitioner failed to show that the state court either utilized the wrong legal standard, violated his

constitutional rights, or that it unreasonably applied the pertinent legal standard to the facts of the case, petitioner's § 2254 petition was denied.

Now, based upon a review of the file, record and proceedings herein, the court concludes that petitioner has failed to meet the requisite showing for this court to issue a certificate of appealability. Put differently, the court cannot conclude that the petitioner has made a substantial showing of the denial of a constitutional right sufficient to warrant the issuance of a certificate of appeability. See 28 U.S.C. § 2253(c)(2).

Therefore, based on a review of the file, record, and proceedings herein, **IT IS HEREBY ORDERED** that petitioner's application for certificate of appealability is denied.

Dated: October 17, 2001

David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500